IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| FIRST SONORA BANCSHARES, INC, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 6:22-CV-00018-H-BU |
| § | |
| THE CHARTER OAK FIRE § | |
| INSURANCE CO., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the parties' Joint Motion to Remand this action to state court Dkt. No. 5. Through the motion, the parties request that the Court enter an order remanding this cause to the 340th District Court of Tom Green County, Texas, because the parties stipulate that the amount in controversy is less than $75,000. *Id*. at 1–2.

This case was referred to the undersigned for pretrial management with instructions to submit a report and recommendation on dispositive motions under 28 U.S.C. § 636(b)(1)(B). Dkt. No. 3. "[A] motion to remand is a dispositive mater on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

After reviewing the parties' Joint Motion and the applicable law, the undersigned finds that a hearing on this motion is unnecessary and recommends that the parties' Joint Motion to Remand (Dkt. No. 5) be GRANTED.

1

Typically, parties are afforded fourteen days to serve and file written objections to a magistrate judge's proposed findings and recommendations. Here that appears to be unnecessary as the undersigned recommends granting the relief jointly requested by the parties. For this reason, the parties are directed to file **no later than April 21, 2022**, either a joint notice or separate notices indicating whether they waive the fourteen-day objection period and consent to the immediate acceptance by the Court of this recommendation.

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 19th day of April, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE